UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KEVIN CHANDLER, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| v. | ) | CAUSE NO. 3:18CV59-PPS/MGG |
| WARDEN, | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Kevin Chandler, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing (ISP 17-10-19) where a disciplinary hearing officer found him guilty of unauthorized possession of an electronic device in violation of Indiana Department of Correction (IDOC) policy B-207 on October 6, 2017. ECF 1 at 1, 7-3 at 1. He was sanctioned with the loss of 60 days earned credit time. ECF 7-3 at 1. The Warden has filed the administrative record. Chandler has not filed a traverse and the time to do so has passed. Thus this case is fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418

U.S. 539 (1974).  To satisfy due process, there must also be "some evidence" in the record to support the guilty finding.  *Superintendent, Mass Corr Inst. v. Hill*, 472 U.S. 445, 455 (1985).

In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."  *Hill*, 472 U.S. at 455-56.  "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis."  *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record.  This is a lenient standard, requiring no more than a modicum of evidence.  Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt.  It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here, Chandler was found guilty of violating IDOC offense B-207 which prohibits inmates from "[u]nauthorized alteration, use or possession of any electronic device, including, but not limited to: computer, computer software, pager, PDA, computer disk, CD/DVD, recording tape (audio or video) or associated hardware.

(This offense includes accessing computers, software, the Internet, social media, a facility LAN, etc. or using such in a manner not authorized by the Department of Correction and the alteration of authorized electrical devices, such as televisions, fans, etc, for unauthorized purposes, e.g., charging cellular telephones/electronic devices, etc.)." Indiana Department of Correction, Adult Disciplinary Process, Appendix I. *See* http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

    The conduct report charged Chandler as follows:

> On 10-3-17 at approx. 09:30am Myself (Lt. V. McCormick) along with Lt. C. Wilson went down to the Property Room to get some items from Offender Chandler, Kevin 138734 IDU-1W121 stored property. While looking for some items I came across a Homemade box. I then proceed to open the box an[d] found 1 USB Cord, 1 Charging cord, and 1 Alcatel onetouch TLi020F2 Li-ion [battery]. Those items were confiscated and forwarded to I[A].

ECF 7-1 at 1. On October 4, 2017, Chandler was notified of the charge when he was served with the conduct and screening reports. ECF 7-1 at 1, 7-2 at 1. He pled not guilty and requested a lay advocate. ECF 7-2 at 1-2. During screening, Chandler requested one witness—caseworker Hale—and the prison's security video footage of the incident. ECF 7-2 at 1. Hale provided the following written statement:

> Offender Chandler is getting all of his paperwork to file a Tort claim for his missing property. He had received two property sheets . . . . and they had a few differences on them. The offender is under the impression that his property came up missing and he was given someone else's property.

ECF 7-3 at 3. Lieutenant Wilson, who assisted in the search of the property box, also wrote a statement about the incident:

> On this day of 10-03-17 at approx. 0930 I, Lt. C. Wilson along with Lt. V. McCormick went to the property room to look for a mirror for offender Chandler #138734 when looking thru his box there was a small box with a secret compartment. Where we found a cell phone charger and cell phone battery.

ECF 7-3 at 6.

On October 4, 2017, the hearing officer reviewed the video footage and provided the following summary:

> On the above date at approx. time of 9:36AM Lt. C. Wilson and Lt. V. McCormick are seen entering the property room. They are both going through property.
>
> Lt. V. McCormick sits down at a table and you see him with a small box of some sort. Lt. V. McCormick opens the box and inside is a charger cord, a battery and another cord.
>
> They finish looking through the property and leave the property room at 9:51AM.

ECF 7-3 at 2.

The hearing officer held Chandler's disciplinary hearing on October 6, 2017. ECF 7-3 at 1. At the hearing, she recorded Chandler's statement: "My inventory says that I have everything and I do not have anything in the property room. I have a tort claim about my property. Lt. signed it." *Id*. However, on the basis of staff reports, the notice of confiscated property form—listing the items found in the secret compartment of Chandler's homemade box—along with property inventory sheets, a photo of the cell phone hardware, and prison security footage, the hearing officer found Chandler guilty of possessing an electronic device. *Id*.

4

In his petition, Chandler argues there are three grounds which entitle him to habeas corpus relief. ECF 1 at 2-3. In his first and second grounds, he asserts his due process rights were violated because there was insufficient evidence of his guilt. *Id*. at 2. In assessing the sufficiency of the evidence, a conduct report alone can be enough to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case here. In the conduct report, Lieutenant McCormick documented the fact that as he and Lieutenant Wilson were looking through Chandler's property, they discovered a homemade box with a secret compartment containing a cell phone battery (Alcatel onetouch TLi020F2 Li-ion), a USB cord, and a charging cord. ECF 7-1 at 1. Lieutenant Wilson's written statement corroborated the discovery of these items. ECF 7-3 at 6. The contraband hardware was also listed on the notice of confiscated property form (ECF 7-3 at 8), and photographed (ECF 7-3 at 7). The hearing officer's summary of the video footage further substantiated Lieutenants McCormick's and Wilson's discovery of the contraband cell phone hardware. ECF 7-3 at 2. These facts alone constitute "some evidence" that Chandler was guilty of violating offense B-207 because he possessed "associated hardware" of an electronic device—a cell phone. *See Rodriguez v. Brown*, No. 2:17-CV-413-JMS-MPB, 2018 WL 953080, at *4 (S.D. Ind. Feb. 20, 2018) ("Items such as a headphone or a volume plug constitute associated hardware.").

Nevertheless, Chandler argues there was insufficient evidence for the hearing officer to find him guilty. ECF 1 at 1-2. He first claims the evidence in this case was unreliable because the homemade box containing the hardware was not listed on either

5

of his property inventory sheets. ECF 1 at 2, 1-1 at 1-2, 7-3 at 4-5. He explains there is no mention of the hardware—battery, USB cord, and charging cord—or a "box of any kind" in [his] property." ECF 1 at 2. He next states that before he was written up for "something [he] did not have," he had filed a tort claim and report of stolen property with caseworker Hale. *Id*. Chandler produced a statement authored by Hale, who explained that because there were a "few differences" in the property listed on two of his inventory sheets, he was "under the impression that his property [was] missing and he was given someone else's property." ECF 7-3 at 3.

But here Chandler's arguments are simply an invitation for the court to reweigh the evidence in this case. In other words, he is asking the court to accept or credit his conclusion that the homemade box and contraband hardware were not his property because they were not listed on either of his property inventory sheets. However, the court is not "required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence." *McPherson*, 188 F.3d at 786. Rather, it is the court's role to determine if the hearing officer's decision to revoke good time credits has some factual basis. *Id*. Because the hearing officer considered Chandler's property inventory sheets along with all of the salient evidence in this case, there was no violation of Chandler's due process rights. *Hill*, 472 U.S. at 456-57 ("the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."). In other words, the hearing officer's finding that Chandler violated offense B-207 was neither arbitrary nor unreasonable in

6

light of the facts presented in this case. Therefore, Chandler's first and second grounds do not state a basis for habeas corpus relief.

In his third ground, Chandler claims his due process rights were violated because he was denied an impartial hearing. ECF 1 at 3. However, Chandler has not met the exhaustion requirement contained in 28 U.S.C. § 2254(b) as to this issue. To have exhausted his administrative remedies, Chandler must have properly presented the issue at each administrative level. *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). However, notwithstanding Chandler's failure to exhaust, the court may deny the claim on the merits. *See* 28 U.S.C. § 2254(b)(2) ("[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

Turning to the merits of his claim, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id*. However, due process is not violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the event underlying the charge. *Id*.

There is no evidence in the record to support Chandler's claim that the hearing office subjected him to a partial hearing or was biased against him. While he asserts his hearing was unfair because the hearing officer did not consider his two property

7

inventory sheets, he is incorrect on that point. The hearing officer explicitly noted she considered Chandler's inventory sheets along with all of the relevant evidence in this case and, after weighing the evidence, she concluded Chandler was guilty. ECF 7-3 at 1. Furthermore, he has not shown that the hearing officer was directly or otherwise substantially involved in the factual events underlying the disciplinary charges, or the investigation of the incident. *Piggie*, 342 F.3d at 666. Therefore, because Chandler has failed to show that the hearing officer's conduct in adjudicating his case was in some way biased, his third ground does not identify a basis for granting habeas corpus relief.

If Chandler wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

ACCORDINGLY: Kevin Chandler's petition for writ of habeas corpus is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED on March 8, 2019.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT